UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JEFFREY B. HOPPER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-cv-454 |
| | ) | 3:00-cr-077 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM</u>**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jeffrey B. Hopper ("Hopper"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. <u>Standard of Review</u>

This court must vacate and set aside Hopper's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Hopper "must show a 'fundamental defect which inherently results in a complete miscarriage

of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Hopper is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    <u>Factual Background</u>

Pursuant to a conditional plea agreement, Hopper pleaded guilty to count one of a superseding indictment, which charged him with manufacturing more than 100 marijuana plants, in violation of 21 U.S.C. §§ (a)(1) and (b)(1)(B)(vii); counts two and three of the superseding indictment were dismissed. He was sentenced to the minimum mandatory term of imprisonment of 60 months. On direct appeal, Hopper challenged the district court's denial of his four motions to suppress the evidence. The judgment of conviction was affirmed. *United States v. Hopper*, 58 Fed.Appx. 619 (6th Cir.), *cert. denied*, 540 U.S. 928 (2003). In support of his § 2255 motion to vacate sentence, Hopper alleges ineffective

assistance of counsel. He also seeks to expunge the counts of the indictment that were dismissed.

III.  <u>Discussion</u>

*A.  Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Hopper must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Hopper bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Hopper was indicted for manufacturing more than 100 marijuana plants (count one), possessing with the intent to distribute more than 100 marijuana plants (count two), and possessing a firearm in furtherance of a drug trafficking crime (count three). [Criminal Action No. 3:00-cr-77, Court File No. 82, Superseding Indictment, pp. 1-2]. In return for his plea of guilty to the first count, counts two and three were dismissed. [*Id.*, Court File No. 96, Plea Agreement]. In support of the plea agreement, Hopper stipulated in writing to the following:

> Defendant Hopper will be responsible for relevant conduct of approximately 343 marijuana plants which equals at least 100 kilograms but less than 400 kilograms of marijuana. *See* U.S.S.G. § 2D1.1(d)(7). The defendant acknowledges that he will receive a two-level enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1).

[*Id.*, Court File No. 97, Factual Basis, p. 1]. Hopper also stipulated that he "maintained firearms, and at times carried a firearm, to protect and further the indoor marijuana grow [sic] operation." [*Id.* at 2].

Hopper now alleges that his attorney convinced him to accept the two-level gun enhancement, without making him aware of the consequences. Specifically, Hopper claims that, as a result of the gun enhancement, he was not eligible for the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). He also claims that the gun enhancement made him ineligible for a drug school or boot camp, and kept him from participating in outside work details or furloughs with his family.

Hopper states that, had his attorney properly explained the distinction as to what defined "possession" for the purpose of the safety valve, he would have pleaded differently and offered full cooperation, as defined in the safety valve. He relies on *United States v. Bolka*, 385 F.3d 909 (6th Cir. 2004), in which the Sixth Circuit held that a § 2D1.1(b)(1) firearm enhancement does not automatically preclude the application of the safety valve. *Id*. at 913

As noted by the government, however, Hopper's argument overlooks the fact that he was not offered a plea option that would permit application of the safety valve. The government stresses that "the Plea Agreement offered in this case required [Hopper] to admit the firearms were possessed in connection with the drug offense, and to agree to the enhancement. In return, and only if [Hopper] so agreed, the United States agreed to dismiss the § 924(c) charge." [Court File No. 8, Response to § 2255 Motion, p. 8].

Had Hopper gone to trial and been convicted of the § 924(c) charge, he would have received a mandatory consecutive sentence of 60 months, in addition to his sentence on the drug charge. His choice was to take that risk or to agree to the gun enhancement, thereby

foregoing the safety valve eligibility. Based upon the record in this case, Hopper had no viable defense, other than his motion to suppress. Under the circumstances, Hopper cannot demonstrate that counsel was ineffective in recommending the plea agreement. Based upon the foregoing, Hopper has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

## B. Expungement

Hopper also asks the court to expunge the charges in the indictment that were dismissed in return for his guilty plea. In support of this request, he relies on *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977) ("It is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case.").

*Doe* involved a youthful offender, sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5021 (repealed October 12, 1984). Doe's conviction had been set aside in accordance with the provisions of § 5021. Nevertheless, the Sixth Circuit affirmed the district court's denial of the request to expunge the records of the prior conviction, finding "there was no showing in the present case of any circumstances which would render the district court's denial of the request for expungement an abuse of discretion." 556 F.2d at 393.

In *United States v. Robinson*, No. 94-1945, 1996 WL 107129 (6th Cir. March 8, 1996) (unpublished decision), the Sixth Circuit considered and rejected a request to expunge a

conviction for mail fraud based upon the economic burden on the petitioner. In doing so, the court recognized *Doe*'s statement concerning "'the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case.'" *Id*. at *1 (quoting *Doe*, 556 F.2d at 393). The court noted, however, that it had "not yet posited a standard for determining which cases are 'appropriate.'" *Id*.

The Sixth Circuit also noted that other circuits "have held that the expungement power is narrow and appropriately used only in extreme circumstances." *Id*. (citations omitted). Under that standard, the court further noted that "federal courts have most readily invoked the expungement power with respect to illegal convictions, conviction under statues later deemed unconstitutional, and convictions obtained through governmental misconduct." *Id*. at *2 (citations omitted). *See also Geary v. United States*, 901 F.2d 679, 680 (8th Cir. 1990) ("Acquittal generally has not been treated by the courts as an extraordinary circumstance warranting the issuance of an expungement order."); *United States v. Ursery*, 2007 WL 1975038 at *2 (E.D. Mich. July 2, 2007) (request for "expungement of his criminal record to be able to possess a firearm for hunting" "does not rise to the type of an 'extreme circumstance' that is required to obtain an expungement"); *In re TwoBears*, 2007 WL 1232043 at *2 (W.D. Tenn. April 26, 2007) (power to expunge records "is appropriate only when a defendant is factually innocent *and* can demonstrate that the continued public availability of the record will cause great harm that outweighs the public and government interest in maintaining the record"); *United States v. Saah*, 2007 WL 734984 at **1-2 (E.D. Mich. March 8, 2007) ( allegations that defendant was "rejected by employers" and "cannot

7

become a lawful citizen of the United States" did not "rise to the level of severity necessary to warrant expungement").

In this case, Hopper has not stated any extraordinary circumstances which would warrant the expungement of the dismissed charges. Accordingly, his request for expungement is without merit.

IV.    Conclusion

Hopper is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Hopper leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Hopper having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                          s/ Leon Jordan
                        United States District Judge